J-S28015-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DEWAYNE HOLLAND | : | |
| | : | |
| Appellant | : | No. 3142 EDA 2019 |

Appeal from the PCRA Order Entered September 25, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0007559-2015

BEFORE:   BOWES, J., DUBOW, J., and PELLEGRINI, J.[*]

MEMORANDUM BY BOWES, J.:                    **FILED NOVEMBER 2, 2021**

Dewayne Holland appeals *pro se* from the September 25, 2019 order dismissing his petition for relief under the Post-Conviction Relief Act ("PCRA") and granting PCRA counsel leave to withdraw pursuant to ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988), and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa.Super. 1988) (*en banc*).  We vacate the PCRA court's order and remand with instructions.

The factual and procedural history of this case was previously well-summarized by this Court in an unpublished memorandum adjudicating Appellant's direct appeal.  ***See Commonwealth v. Holland***, 193 A.3d 1105 (Pa.Super. 2018) (unpublished memorandum at 1-4).  In pertinent part,

_____

[*] Retired Senior Judge assigned to the Superior Court.

Appellant was arrested on November 17, 2014, after providing a prescription at a Walgreens Pharmacy that had been modified from prescribing twenty-one oxycodone pills to prescribing eighty oxycodone pills. *Id*. at 2-3.

Appellant proceeded to a bench trial, and the trial court convicted him of attempting to acquire a controlled substance by misrepresentation, fraud, forgery, deception, or subterfuge. On November 18, 2016, the trial court sentenced Appellant to three to six years of incarceration. On appeal, this Court affirmed Appellant's judgment of sentence. *Id*. at 7. Appellant filed a petition for allowance of appeal to our Supreme Court, which was denied. *See Commonwealth v. Holland*, 196 A.3d 1017 (Pa. 2018) (*per curiam* order).

Appellant timely filed the above-captioned *pro se* PCRA petition, raising fourteen claims of error. Counsel was appointed to represent Appellant. PCRA counsel filed a no-merit letter pursuant to *Turner/Finley*. Therein, PCRA counsel addressed two of the claims raised in Appellant's *pro se* PCRA petition and determined that they were meritless. PCRA counsel also stated that his independent review of Appellant's case had not uncovered any other potentially meritorious claims for relief.

On August 26, 2019, the PCRA court entered notice of its intent to dismiss Appellant's PCRA petition pursuant to Pa.R.Crim.P. 907, based on PCRA counsel's no-merit letter.

Appellant timely filed *pro se* objections to the PCRA court's Rule 907 notice, requesting the appointment of new counsel based upon PCRA counsel's

failure to address all of Appellant's claims and his disagreement with PCRA counsel's assessment of the two claims counsel did address. After considering these objections, the PCRA court dismissed Appellant's petition and granted counsel's petition to withdraw.

Appellant timely filed *pro se* a notice of appeal. Although not ordered to do so, Appellant filed a Pa.R.A.P. 1925(b) statement. On May 29, 2020, the PCRA court filed a Pa.R.A.P. 1925(a) opinion.

On appeal, Appellant failed to include a statement of questions within his brief. Nonetheless, we discern from the argument section of his brief that he raises two main issues pertaining to the dismissal of his PCRA petition, one of which has seven subparts. We conclude, however, that we need only consider his last issue: whether the PCRA court erred by granting counsel's request to withdraw where PCRA counsel "failed to comply with the mandates of **Turner/Finley** requirements by … failing to list and raise each claim petitioner wanted to be reviewed and for not fully explaining why each claim has no merit." Appellant's brief at 7 (unnecessary capitalization omitted).

Our standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. **Commonwealth v. Davis**, 86 A.3d 883, 887 (Pa.Super. 2014). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. **Id**. While necessarily discussing PCRA counsel's alleged ineffectiveness,

Appellant's claim does not fall under the parameters of an ineffectiveness claim. *See Commonwealth v. Rykard*, 55 A.3d 1177, 1184 (Pa.Super. 2012). Rather, our review is guided by the following:

> The *Turner/Finley* decisions provide the manner for post-conviction counsel to withdraw from representation. The holdings of those cases mandate an independent review of the record by competent counsel before a PCRA court or appellate court can authorize an attorney's withdrawal. The necessary independent review requires counsel to file a "no-merit" letter detailing the nature and extent of his review and list each issue the petitioner wishes to have examined, explaining why those issues are meritless. The PCRA court, or an appellate court if the no-merit letter is filed before it, *see Turner, supra*, then must conduct its own independent evaluation of the record and agree with counsel that the petition is without merit. *See Commonwealth v. Pitts*, 981 A.2d 875, 876 n.1 (Pa. 2009).

> In *Commonwealth v. Friend*, 896 A.2d 607 (Pa.Super. 2006), *abrogated in part* by *Pitts, supra*,[1] this Court imposed additional requirements on counsel that closely track the procedure for withdrawing on direct appeal. Pursuant to *Friend*, counsel is required to contemporaneously serve upon his client his no-merit letter and application to withdraw along with a statement that if the court granted counsel's withdrawal request, the client may proceed *pro se* or with a privately retained attorney. Though Chief Justice Castille noted in *Pitts* that this Court is not authorized to craft procedural rules, the Court did not overturn this aspect of *Friend* as those prerequisites did not apply to the petitioner in *Pitts*. *See Pitts, supra* at 881 (Castille, C.J. concurring).

> After the decision in *Pitts*, this Court held in *Commonwealth v. Widgins*, 29 A.3d 816 (Pa.Super. 2011),

---

[1] "The *Pitts* Court held that it is improper for an appellate court to *sua sponte* address the sufficiency of a no-merit letter filed before the PCRA court." *Rykard*, 55 A.3d at 1184 n.2. Here, Appellant raised this claim in his objections to the PCRA court's notice of intent to dismiss. Since Appellant has properly presented the issue, *Pitts* does not serve as an impediment to our review in this respect.

that the additional procedural requirements of **Friend** were still applicable during collateral review.

**Rykard**, 55 A.3d at 1184 (footnote omitted).

Here, PCRA counsel mentioned and addressed in his **Turner/Finley** letter only two of the fourteen claims of error Appellant had raised in his *pro se* petition. While we acknowledge that some claims arguably overlap, we do not find that they can be distilled to only two claims. Moreover, although PCRA counsel's no-merit letter properly included a certificate of service as to Appellant, there is no indication in the certified record that PCRA counsel filed a separate application to withdraw, contemporaneously served upon Appellant a copy of said application, nor advised Appellant that if the court granted counsel's withdrawal request, Appellant had the right to retain private counsel, proceed *pro se*, and to file a supplemental brief in the PCRA court.

Stated plainly, PCRA counsel failed to fulfill several of the technical requirements of **Turner/Finley**. As such, we find that the PCRA court erroneously permitted counsel to withdraw. **See Rykard, supra**; **Commonwealth v. Wrecks**, 931 A.2d 717, 721 (Pa.Super. 2007) ("If counsel fails to satisfy the foregoing technical prerequisites of **Turner/Finley**, the court will not reach the merits ... but, rather, will merely deny counsel's request to withdraw. Upon doing so, the court will then take appropriate steps, such as directing counsel to file a proper **Turner/Finley** request[.]").

We therefore vacate the PCRA order and remand for the appointment of new counsel to review this case, as the technical requirements were not met

and the PCRA court failed to deny the request to withdraw.[2]  Counsel shall thereafter consult with Appellant regarding the issues he wishes to raise for post-conviction review and either file an amended PCRA petition or, if counsel determines that there are no genuine issues of arguable merit, file a proper no-merit letter and petition to withdraw with the PCRA court.

---

[2] Since we direct the appointment of new counsel, we decline to address Appellant's remaining claims pertaining to the alleged ineffectiveness of PCRA counsel.  Nonetheless, we believe it prudent to note the recent paradigm shift in preservation of ineffective assistance of PCRA counsel claims announced by our Supreme Court in ***Commonwealth v. Bradley***, ____ A.3d ____, 2021 WL 4877232 (Pa. Oct. 20, 2021).  Prior to ***Bradley***, "the sole method by which a petitioner [could] challenge the ineffectiveness of his PCRA counsel [wa]s through the filing of a response to the PCRA court's Rule 907 dismissal notice." ***Id***. at *3.  Here, Appellant raised his ineffective assistance of PCRA counsel claim in response to the PCRA court's Rule 907 notice, thereby preserving that claim under the pre-***Bradley*** method.  In considering the continued propriety of this method, the ***Bradley*** Court noted that this method was first announced in ***Pitts, supra***, wherein our Supreme Court reviewed this Court's *sua sponte* consideration of PCRA counsel's no-merit letter.  The ***Pitts*** Majority went beyond that question, however, concluding in the alternative that Pitts's claim of ineffective assistance of PCRA counsel was waived because he did not raise it in response to the PCRA court's Rule 907 notice.  The ***Bradley*** Court explained that "[t]his conclusion, without citation to authority or analysis, formed the basis of the current procedure by which a petitioner must raise PCRA counsel's ineffectiveness, even though our summary proclamation was not necessary to the resolution of the issue we accepted for appeal." ***Bradley, supra*** at *14.  Having concluded that "the current Rule 907 procedure for preserving claims of PCRA counsel ineffectiveness in all circumstances was pure *dicta*, and is deeply flawed[,]" the ***Bradley*** Court "abandon[ed] ***Pitts***'s Rule 907 approach as the sole procedure for challenging PCRA counsel's effectiveness." ***Bradley, supra*** at *15.  Instead, the ***Bradley*** Court set forth the following new procedure: "a PCRA petitioner may, after a PCRA court denies relief, and after obtaining new counsel or acting *pro se*, raise claims of PCRA counsel's ineffectiveness at the first opportunity to do so, even if on appeal." ***Id***. (footnote omitted).

Order vacated. Case remanded with instructions. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/02/2021